IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **TIMOTHY BROWN** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:23-cv-00155 |
| **MAYOR AND CITY COUNCIL BALTIMORE CITY,** *et al.* | * | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT HANKARD'S
MOTION TO DISMISS PLAINTIFF'S AMENDED
<u>COMPLAINT AND JURY DEMAND</u>**

**TABLE OF AUTHORITIES**

**CASES**                                                                                             **PAGE**

*Allen v. Bethlehem Steel Corp.*
76 Md. App. 642, 651 (1988) …………………………………………………………………....8

*Ashcroft v. Iqbal*
556 U.S. 662, 678 (2009) ……………………………………………………………..….…...5

*Brooks v. City of Winston-Salem, N.C.*,
85 F.3d 178 (1996) ……………………………………………………………………………8

*Burgess v. Baltimore Police Dep't*, No.
No. CV RDB-15-0834, 2016 WL 795975, at *10 (D. Md. Mar. 1, 2016)………….……….11

*Cottman v. Baltimore City Police Department*
Case No. 21-cv-00837-SAG, 2022 WL 137735, at * 5 (D. Md. Jan. 13, 2022) …………....12, 13

*Evans v. Chalmers*
703 F.3d 636, 650 (4th Cir. 2012) …………………………………...…………..….…......7, 9

*Exxon Corp. v. Kelly*
281 Md. 689, 695 (1978) …………………………………………………………...……...8

*Franks v. Delaware*
438 U.S. 154, 155–56 (1978) ………………………………...…………...……...7

*Heron v. Strader*
361 Md. 258, 264 (2000) ………………………………………………………………….6

*Ibarra v. United States*
120 F.3d 472, 474 (4th Cir. 1997) ……………………………………………….….......5

*Kangalee v. Baltimore City Police Dep't*
No. CIV.A. RDB-12-01566, 2012 WL 5457231, at *7 (D. Md. Nov. 7, 2012) … ………….…12

*Kentucky v. Graham*
473 U.S. 159, 166 (1985) ………………………………………………………………….13

*Kloth v. Microsoft Corp.*
444 F.3d 312, 319 (4th Cir. 2006)……………………………………………………….......5

*Lambert v. Williams*
223 F.3d 257, 262 (4th Cir. 2000)…………………………………………………….....6, 10

*Lewin v. Cooke*
No. 00-1732, 28 F. App'x 186, 195 (4th Cir. Jan. 7, 2002) …. …………………………......…12

*Martin v. Conner*
882 F. Supp. 2d 820, 842 (D. Md. 2012) …………………………………………………....…6

*Nelson Radio & Supply Co. v. Motorola, Inc.*
200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1952) ……………..……....…….11

*Odjaghian v. HHS Tech. Grp., LLC*
19-1491, 848 F. App'x 534, 537 (4th Cir. Mar. 2, 2021) ………....……………………………....5

*Taylor v. Waters*
81 F.3d 429, 436 (1996) ……………………………………………………………………8

*Talley v. Anne Arundel Cnty., Maryland*
No. CV RDB-21-347, 2021 WL 4244759, at *10 (D. Md. Sept. 17, 2021) …………….....…9, 10

*Victors v. Kronmiller*
553 F. Supp. 2d 533, 544 (D. Md. 2008) ..……………………………………. ….……...……13

*Walters v. McMahen*
795 F. Supp. 2d 350, 358 (D. Md. 2011), ……………………………………….…………12

**STATUTES**

42 U.S.C. § 1983……………………………………………………….......4, 6, 8, 9, 10, 12, 13

42 U.S.C. § 1985………………………………………………......………………5, 12, 15, 13

Md. Cts & Jud. Proc. § 5-301……………………………………………………….…....…2

Md. Cts & Jud. Proc. § 5-301(c)(21). ………………………………………………….........10

Md. Cts & Jud. Proc. § 5-304(b)(1)……………………………………………………....…10

Md. Cts & Jud. Proc. § 5-304(b)(2)…………………………………………………….....…10

Md. Cts & Jud. Proc. § 5-304(c)……………………………………………………..….……10

Md. Cts & Jud. Proc. § 5-304(e)………………………………………………...…..…….10, 11

**RULES**

Fed. R. Civ. Proc. 8(a). ………………………………………………………………….....5

Fed. R. Civ. Proc. 12(b)(6)……………………………………………………………….5

Defendant Robert Hankard ("Mr. Hankard"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff Timothy Brown's ("Plaintiff") Amended Complaint and Jury Demand ("AC") with prejudice.

## I.     INTRODUCTION

Plaintiff alleges that during the execution of a search warrant, "defendants" planted a shotgun and narcotics in the residence. *Id.* at ¶¶ 19, 36. Plaintiff does not allege the officers lacked probable cause to conduct the search, or that the search warrant was not properly issued. Plaintiff alleges he was "not aware" of the "items allegedly found in the home" and he concludes, without even a specific factual allegation related to any particular officer on that particular day, that the officers must have planted the seized evidence, and officers who were not there must have known about this specific planting of evidence. *Id.* at ¶¶ 25, 36–39. Following the execution of the search warrant, Plaintiff was subsequently arrested pursuant to an arrest warrant. *Id.* at ¶ 23. Plaintiff fails to allege any facts surrounding the issuance of the arrest warrant, why the arrest warrant was not properly issued, or what facts support the conclusory assertion that any charging documents were false. *See id.* at ¶ 117. Lastly, and most specifically deficient about the claims against Mr. Hankard, the Amended Complaint does not make a **single factual allegation** related to Mr. Hankard and the search, the arrest, or the conviction of Plaintiff.

On or about August 28, 2014, Plaintiff plead guilty to one count of firearm possession and one count of possession of a controlled dangerous substance with the intent to distribute. *Id.* at ¶ 29. Five and a half years later, the State filed an Amended Motion to Vacate Judgment based on unrelated charges of misconduct against various officers and a *nolle prosequi* was entered. *Id.* at ¶¶ 34, 119 n.2.

On June 9, 2023 Plaintiff filed the Amended Complaint in this case, bringing federal and state law claims alleging in essence that each defendant contributed to his false prosecution and conviction. Each of Plaintiff's claims brought against Mr. Hankard should be dismissed with prejudice for failure to state a claim. Counts I–IV should be dismissed because Plaintiff fails to allege any facts to support that Mr. Hankard instituted a criminal proceeding against him without probable cause. Counts III and IV should further be dismissed as Plaintiff has not sufficiently plead compliance with the Local Government Tort Claims Act. Md. Cts & Jud. Proc. § 5-301, *et seq*. Count IX should be dismissed under the intra-corporate conspiracy doctrine. Lastly, Counts I, II, and IX, to the extent they are alleged against Mr. Hankard in his official capacity, should be dismissed because they are duplicative to Plaintiff's claims against BPD.

II.     **STATEMENT OF FACTS**[1]

Plaintiff alleges on February 12, 2014, the "defendants" obtained and executed a search warrant at Plaintiff's residence in Baltimore, Maryland. *See* AC ¶ 19. During the execution of the warrant, neither Plaintiff nor his mother, Zina Cunningham ("Ms. Cunningham"), were present. *Id.* at ¶ 20. When Ms. Cunningham arrived at the residence, approximately forty-five (45) minutes into the execution of the warrant, she was promptly arrested and charged with possession of narcotics and a firearm.[2] *Id.* at ¶¶ 21–22.

Approximately six weeks later, Plaintiff was arrested pursuant to an arrest warrant. *Id.* at ¶ 23. He does not allege when the warrant was issued. *Id.* Nor does he allege any facts surrounding the issuance of the warrant for his arrest, including when it was issued, what facts were used in the

---

[1] The Statement of Facts are recited from Plaintiff's AC and do not constitute a concession or admission on behalf of Mr. Hankard.
[2] The charges against Ms. Cunningham were ultimately dropped. AC ¶ 22.

2

supporting statement of probable cause, or the name of the affiant who signed the supporting statement of probable cause.

Plaintiff alleges, however, that "[f]rom the date of his initial arrest through the present, [Plaintiff] has repeatedly affirmed that the items allegedly found in the home did not belong to him and he was not aware of their existence because they were not in the home prior to the officers executing the search and seizure warrant." *Id.* at ¶ 25. Rather, "[t]he defendant officers planted the shotgun and narcotics which they pretended to 'find' in the home they searched." *Id.* at ¶ 36. These "defendant officers" then "knowingly lied about the shotgun and narcotics (falsely claiming to have discovered them in the home) in subsequent charging documents and other police records in an effort to falsely prosecute and falsely convict the Plaintiff." *Id.* at 37. Plaintiff fails to further identify or describe such charging documents and police records in the Amended Complaint.

Plaintiff was charged with multiple counts related to the possession of narcotics and a firearm. *Id.* at ¶ 26. Plaintiff ultimately plead guilty to one count of firearm possession and one count of possession of a controlled dangerous substance with the intent to distribute on or about August 28, 2014. *Id.* at ¶¶ 27, 29. Plaintiff contends that he plead guilty because he "[f]ear[ed] a long prison sentence based on the officers' anticipated false testimony and due to his prior criminal history and retaliation against his mother if he continued to fight the charges." *Id.* at ¶ 29. Nowhere in the Amended Complaint does Plaintiff identify the "officers" who he alleges would have proffered false testimony absent his guilty plea. Plaintiff was sentenced to nine (9) years incarceration. *Id.* at ¶ 30.

Plaintiff was released from incarceration in 2019 after serving five (5) years of his sentence. *Id.* at ¶ 33. On January 21, 2020, the State filed an Amended Motion to Vacate Judgment based on *unrelated* charges of misconduct against certain officers involved in the execution of the search

warrant. *Id.* at ¶ 34. The State contended Plaintiff's conviction should be vacated because Defendant Keith Gladstone plead guilty to a conspiracy charge in connection with a **separate and distinct** incident that took place on March 26, 2014, and Mr. Hankard was allegedly involved in that same incident. *See* Pl.'s Compl. at Ex. 1.[3] The State made no concession or admission as to any wrongdoing on behalf of Defendant Gladstone or Mr. Hankard in connection with the execution of the search warrant or the subsequent arrest of Plaintiff. *See id.* Nor did the State make any admission or concession that Plaintiff's arrest was made absent probable cause. *See id.* The Circuit Court for Baltimore City vacated Plaintiff's conviction and entered a *nolle prosequi* on March 10, 2020. *Id.* at ¶ 119 n.2.

### III. PROCEDURAL HISTORY

On January 20, 2023 Plaintiff filed a nine-count Complaint against the Mayor and City Council of Baltimore, Baltimore City Police Department ("BPD"), and Dean Palmere (collectively the "BPD Defendants"), Keith Gladstone, Michael O'Sullivan, Kenneth Patzman, Avraham Tasher, Antonio Saunders, and Derrick Brown (collectively the "Officer Defendants"), Carmine Vignola, and Mr. Hankard. *See* ECF No. 1. On June 9, 2023, Plaintiff filed an Amended Complaint bringing the same counts against the BPD Defendants, the Officer Defendants, and Mr. Hankard[4] including malicious prosecution claims under 42 U.S.C. § 1983 against the Officer Defendants, Dean Palmere, and Mr. Hankard (Counts I–II); malicious prosecution claims under the Maryland Declaration of Rights and common law against all Defendants (Counts III–IV); negligent training, supervision, and retention resulting in malicious prosecution against BPD Defendants (Count V);

---

[3] This Court may consider the content of the Amended Motion to Vacate Judgment at the motion to dismiss stage as Plaintiff attached the Motion to his Amended Complaint and later incorporated the Motion by reference in Paragraph 34. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.").

[4] Plaintiff removed Carmine Vignola as a named Defendant in the Amended Complaint.

*Monell* claims against the Defendant Baltimore City and BPD (Counts VI–VII); a *Longtin* claim against Defendant Baltimore City (Count VIII); and conspiracy to interfere with civil rights under 42 U.S.C. § 1985 against all Defendants (Count IX). On June 30, 2023, BPD Defendants and Officer Defendants each filed a motion to dismiss the various charges brought against them.[5] *See* ECF Nos. 41–42.

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). Under Rule 12(b)(6), a defendant may move to dismiss a complaint that does not allege facts that plausibly suggest that the plaintiff has a right to relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must presume the truth of the plaintiff's well-pleaded factual allegations, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), a court need not accept as true conclusory factual allegations, unwarranted inferences, or unreasonable conclusions or arguments. *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). Thus, a motion to dismiss must be granted if the court cannot find that the well-pled facts and reasonable inferences therefrom, construed in the non-movants favor, state a plausible claim for which relief can be granted. *Odjaghian v. HHS Tech. Grp., LLC*, No. 19-1491, 848 F. App'x 534, 537 (4th Cir. Mar. 2, 2021).

---

[5] To the extent not otherwise explicitly incorporated herein, Mr. Hankard incorporates by reference, as if fully restated herein, all arguments (and relevant factual allegations) asserted in the BPD Defendants' Motion, ECF No. 41, and those asserted in the Officer Defendants' Motion, ECF No. 42, as applicable to Mr. Hankard.

**V.     PLAINTIFF'S CLAIMS FOR MALICIOUS PROSECUTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM AGAINST MR. HANKARD**

  **1. Count I Should Be Dismissed Because Plaintiff Fails To Sufficiently Plead That Mr. Hankard Instituted A Criminal Proceeding Against Him Absent Probable Cause.**

In Count I, Plaintiff claims the "Defendant officers" including Mr. Hankard, deprived him of his rights under the Fourth Amendment of the United States Constitution, including his "freedom from unreasonable search and seizure, freedom from arrest without probable cause[6], and freedom from malicious prosecution without probable cause." AC ¶ 114. Such deprivation was allegedly achieved through "applications for warrants and charges and the submission of materials and approvals supportive of those applications" and the institution of criminal proceedings "without probable cause" as "there was not sufficient evidence against Plaintiff to form the basis for probable cause." AC ¶¶ 114, 117. Because the Amended Complaint does not allege Mr. Hankard's involvement in Plaintiff's arrest nor that the arrest was made absent probable cause, Count I must be dismissed with prejudice as to Mr. Hankard.

Malicious prosecution under § 1983 is "simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). To prevail on a common law malicious prosecution claim, the plaintiff must allege: "(1) a criminal proceeding instituted or continued by the defendant[s] against the plaintiff; (2) without probable cause; (3) with malice, or with a motive other than to bring the offender to justice; and (4) termination of the proceedings in

---

[6] A claim for false arrest is separate and distinct to a claim for malicious prosecution. "A claim for false arrest alleges that a warrantless arrest lacked probable cause [while] a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause." *Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017). As the instant matter does not involve a warrantless arrest, to the extent Count I seeks to bring a claim for false arrest, the claim should be dismissed with prejudice.

favor of the plaintiff." *Martin v. Conner*, 882 F. Supp. 2d 820, 842 (D. Md. 2012) (quoting *Heron v. Strader*, 361 Md. 258, 264 (2000)).

Plaintiff in the Amended Complaint alleges the following: the "defendant officers", which includes seven different individuals, during the execution of a search warrant, allegedly planted a firearm and narcotics in Plaintiff's residence. At some later point in time, an arrest warrant was issued for Plaintiff, and he was ultimately arrested pursuant to that warrant. Plaintiff fails to include any additional facts surrounding the issuance of the warrant for his arrest. These allegations are insufficient to meet the first two elements of a malicious prosecution claim.

Plaintiff does not include a single fact regarding what any individual officer is alleged to have improperly done during the execution of the search warrant *or* the issuance of the warrant for his arrest. Nowhere in the Amended Complaint does the Plaintiff allege Mr. Hankard's participation in obtaining the arrest warrant for Plaintiff, Plaintiff's subsequent arrest, or the filing of criminal charges. Accordingly, Plaintiff fails to demonstrate Mr. Hankard, or any other named Defendant, instituted a criminal proceeding against him.

Moreover, Plaintiff fails to allege how his arrest was without probable cause (when, in fact, for the warrant to have been issued a judge must have determined that there was probable cause for his arrest). To meet this element of malicious prosecution, "plaintiffs must allege that defendants 'knowingly and intentionally or with a reckless disregard for the truth' either made false statements in their affidavits or omitted facts from those affidavits, thus rendering the affidavits misleading." *Evans v. Chalmers*, 703 F.3d 636, 650 (4th Cir. 2012) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Disregarding the conclusory allegations, Plaintiff fails to allege what facts were used in the supporting statement of probable cause. Thus, he cannot show

that any defendant officer, including Mr. Hankard, made a false statement or omission in affidavits for his arrest.

The only *fact* Plaintiff could theoretically rely on to support the position that his arrest was without probable cause is the *nolle prosequi* of his charges, and for the reasons stated below, that is insufficient to demonstrate his arrest was unsupported by probable cause. The Maryland Supreme Court held that "whenever a *nolle pros* is entered by the State, the court must look at the circumstances surrounding the State's decision so as to determine whether there was an absence of probable cause." *Allen v. Bethlehem Steel Corp.,* 76 Md. App. 642, 651 (1988) (citing *Exxon Corp. v. Kelly*, 281 Md. 689, 695 (1978)). This is so because the State's decision to *nolle prosequi* a case may be "based on factors which throw no light whatever on the sufficiency of the evidence on which the prosecution was instituted." *Exxon Corp.*, 281 Md. at 694. Such is the case here. The State's decision to *nolle prosequi* Plaintiff's criminal case was not based on the sufficiency of the evidence used to support a statement of probable cause, rather, the decision was based on unrelated charges of misconduct against certain officers involved in the execution of the search warrant. *See* Pl.'s Compl. at Ex. 1. Therefore, Plaintiff has not carried his burden in demonstrating that documents supporting his arrest were made absent probable cause. For the foregoing reasons, Plaintiff's allegations in the Amended Complaint are insufficient to establish the first two elements of malicious prosecution and Plaintiff's claim for malicious prosecution under § 1983 must be dismissed with prejudice.

    **2. Count II Should Be Dismissed As There Is No Cause Of Action For Malicious Prosecution Under The Fourteenth Amendment**

In Count II, Plaintiff alleges that the Officer Defendants and Mr. Hankard, deprived him of his rights under the Fourteenth Amendment including his right to due process because they "manufactured, altered, destroyed, or covered-up evidence which rendered Plaintiff's ability to

present his criminal defense effectively and adequately." AC ¶¶ 125–126. In *Taylor v. Waters*, the Fourth Circuit held that no substantive due process right against prosecution on less than probable cause exists under the Fourteenth Amendment. 81 F.3d 429, 436 (1996); *see also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (1996) ("The Supreme Court has rejected the proposition that a defendant possesses a liberty interest in avoiding prosecution upon less than probable cause."). Rather, the Fourth Amendment provides "an explicit textual source for § 1983 malicious prosecution claims, [thus] the Fourteenth Amendment provides no alternative basis for those claims." *Evans,* 703 F.3d at 646 n.2. Count II should be dismissed with prejudice as no claim for malicious prosecution related to an arrest without probable cause under the Fourteenth Amendment is recognized in this jurisdiction. Assuming, *arguendo*, that a claim under the Fourteenth Amendment did exist, such a claim would fail for the same deficiencies stated above for Count I; Plaintiff has not sufficiently plead that Mr. Hankard instituted a criminal proceeding against him nor that such a proceeding, if this Court finds one was in fact instituted, was done so without probable cause. Therefore, Count II should dismissed with prejudice as to Mr. Hankard.

3. **Count III Should Be Dismissed Because Plaintiff Fails To Make A Single Factual Allegation Against Mr. Hankard Related To The Search, Arrest, And Conviction of Plaintiff**

In Count III, Plaintiff claims that the "defendant officers" including Mr. Hankard, deprived him of his rights under Article 24 and Article 26 of the Maryland Declaration of Rights through "applications for warrants and charges and the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony." AC ¶ 130. Claims for malicious prosecution under Articles 24 and 26 of the Maryland Declaration of Rights are "construed *in pari materia* with the Fourth and Fourteenth Amendment." *Talley v. Anne Arundel Cnty., Maryland*, No. CV RDB-21-347, 2021 WL 4244759, at *10 (D. Md. Sept. 17, 2021) (conducting the same analysis of claims for malicious prosecution

9

under 42 U.S.C. § 1983 and Maryland Declaration of Rights Arts. 24 and 26) (internal citations omitted). The elements for these state law claims are "identical to the federal constitutional claim." *Id.* Therefore, for the reasons stated in Sections I (a)-(b), Count III must be dismissed with prejudice as to Mr. Hankard.

> **4. Count IV Should Be Dismissed Because Plaintiff Has Not Demonstrated That Issuance of the Arrest Warrant, Arrest Of, And Conviction of Plaintiff Was Instituted By Mr. Hankard And Unsupported By Probable Cause**

In Count IV, Plaintiff claims that the "defendants instituted and continued a criminal proceeding against [him] … through applications for warrants and charges and the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony." AC ¶ 140. The analysis for common law malicious prosecution is analogous to the analysis to a claim for malicious prosecution under § 1983. *See Lambert*, 223 F.3d at 262; *see also Talley,* 2021 WL 4244759, at * 12 (holding the preceding analysis of malicious prosecution controls the claim for common law malicious prosecution). A stated above, the bare allegations in the Amended Complaint are insufficient to sustain a claim against Mr. Hankard. Plaintiff has failed to allege any *fact* describing what, if any, role Mr. Hankard, or any other "defendant" had in obtaining an arrest warrant, arresting, or imposing criminal charges on Plaintiff. Moreover, Plaintiff has not demonstrated that the issuance of the arrest warrant and his subsequent arrest was unsupported by probable cause. Therefore, Count IV should be dismissed for failure to state a claim against Mr. Hankard.

**VI.   PLAINTIFF'S STATE LAW CLAIMS SHOULD FURTHER BE DISMISSED FOR FAILURE TO SUFFICIENTLY PLEAD COMPLIANCE WITH THE LOCAL GOVERNMENT TORT CLAIMS ACT**

The Local Government Tort Claims Act ("LGTCA") provides that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." *See* Md. Cts

& Jud. Proc. § 5-304(b)(1). This includes a claim against the Baltimore Police Department. *See id*. at § 5-301(c)(21). The notice must "be in writing and shall state the time, place, and cause of the injury," *id*. at § 5-304(b)(2) and must be delivered as specifically prescribed under § 5-304(c). Pursuant to Md. Cts. & Jud. Pro. § 5-304(e), such notice is not required where "within 1 year of the injury, the defendant local government has actual or constructive notice of (1) the claimant's injury; or (2) the defect or circumstances giving rise to the claimant's injury."

In this matter, Plaintiff fails to plead facts sufficient for this Court to infer Plaintiff satisfied the LGTCA's notice requirement. Plaintiff conclusively alleges that the instant action is filed in compliance with the LGTCA because "the governmental defendants had actual and constructive notice of (i) the claimant's injuries; or (ii) the defect of circumstances giving rise to the claimant's injury," thus the notice provision of the LGTCA is inapplicable. AC ¶ 16. Plaintiff's partial recitation of Cts. & Jud. Pro § 3-504(e) falls far short of his pleading requirement. Plaintiff does not allege how or when the "governmental defendants" obtained actual and constructive notice of the events alleged in the Amended Complaint, let alone that such notice was obtained within one year of his injury. Moreover, Plaintiff fails to include a single fact this Court could use to infer that Plaintiff sent LGTCA notice to the Baltimore City Solicitor within the statutorily proscribed time. Therefore, Plaintiff's state law claims in Counts III and IV should be dismissed with prejudice.

### VII. PLAINTIFF'S CLAIM FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS SHOULD BE DISMISSED UNDER THE INTRACORPORATE CONSPIRACY DOCTRINE

Plaintiff's claim for conspiracy to interfere with civil rights in Count IX must be dismissed with prejudice under the intracorporate conspiracy doctrine. Count IX alleges that the "defendants" including Mr. Hankard and BPD, conspired to "deter Plaintiff, by force, intimidation, or threat from testifying freely, fully, and truthfully regarding his knowledge of the ownership of the firearm and narcotics in question." AC ¶ 188. The intracorporate conspiracy doctrine, which applies to

11

civil rights cases, "is rooted in the basic tenet that 'you must have two persons or entities to have a conspiracy.'" *Burgess v. Baltimore Police Dep't*, No. CV RDB-15-0834, 2016 WL 795975, at *10 (D. Md. Mar. 1, 2016) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1952)). Accordingly, "employees, when acting within the scope of their employment, cannot conspire amongst themselves." *Walters v. McMahen*, 795 F. Supp. 2d 350, 358 (D. Md. 2011), *aff'd,* 684 F.3d 435 (4th Cir. 2012) (citation ommitted). In *Lewin v. Cooke*, the Fourth Circuit held that the plaintiff's conspiracy claim against employees of the Eastern Virginia Medical School of the Medical College of Hampton Roads ("EVMS") was barred under this doctrine because as agents of EVMS, all of the defendants "constitute[d] a single legal entity." No. 00-1732, 28 F. App'x 186, 195 (4th Cir. Jan. 7, 2002). Accordingly, they were "legally incapable of conspiracy, which requires multiple parties acting together." *Id.* (citation omitted).

The Amended Complaint alleges that at all relevant times, the "defendant officers" were employees of BPD and acted "under color of the law and within the scope of their employment." *See, e.g.*, AC ¶ 115. Accordingly, as an employee of BPD, Mr. Hankard cannot be held to have conspired within the single entity of the BPD under the intracorporate conspiracy doctrine and this claim must be dismissed with prejudice. *See Kangalee v. Baltimore City Police Dep't*, No. CIV.A. RDB-12-01566, 2012 WL 5457231, at *7 (D. Md. Nov. 7, 2012) (dismissing § 1985 conspiracy claim against the BPD commissioner and a BPD officer under intracorporate conspiracy doctrine).

### VIII. PLAINTIFF'S CLAIMS AGAINST MR. HANKARD IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED AS THEY ARE DUPLICATIVE OF HIS MONELL CLAIMS AGAINST BPD

To the extent that Plaintiff brings claims against Mr. Hankard in his official capacity, these claims must be dismissed as they are duplicative to Plaintiff's *Monell* claim against the BPD. *See Cottman v. Baltimore City Police Department*, Case No. 21-cv-00837-SAG, 2022 WL 137735, at

* 5 (D. Md. Jan. 13, 2022) ("Where, however, a plaintiff sues both individual officers in their official capacities under § 1983, and a municipality under *Monell*, for following a particular 'policy or custom' that resulted in alleged constitutional harm, the claims are duplicative.") (internal citations omitted) (emphasis in original).

Claims brought against a state actor in their official capacity, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citations omitted). Such causes of action should be treated as suits against the entity. *See id.*; *see also Victors v. Kronmiller*, 553 F. Supp. 2d 533, 544 (D. Md. 2008). To establish a claim under § 1983 against an individual in their official capacity, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166. Similarly to *Cottman*, Plaintiff is suing both individual officers in their official capacity under §§ 1983 and 1985, and BPD under Monell for "policies and procedures" and "department culture which permitted the misconduct at issue in this case." AC ¶ 121. Therefore, Plaintiff's official capacity claims against Mr. Hankard in Counts I, II, and IX should be dismissed with prejudice because they are duplicative of his *Monell* claims against BPD.

## IX.   CONCLUSION

For the foregoing reasons, this Court should dismiss all claims asserted in the Amended Complaint against Robert Hankard, with prejudice and without leave to amend.

Dated: July 14, 2023

Respectfully submitted,

*/s/ Sabrina N. Marquez*

Thomas H. Barnard, Fed. Bar No. 27488
tbarnard@bakerdonelson.com
Constantine J. Themelis, Fed. Bar No. 27303
cthemelis@bakerdonelson.com
Sabrina N. Marquez, Fed Bar No. 30516
smarquez@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street
Baltimore, MD 21202
Phone: 410-862-1185
Fax: 410-547-0699

***Attorneys for Defendant Robert Hankard***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2023 the foregoing Motion to Dismiss Plaintiffs' Amended Complaint and Jury Demand was electronically filed and served via this Court's CM/ECF e-filing system on all counsel of record.

*/s/ Sabrina N. Marquez*
Sabrina N. Marquez, Fed Bar No. 30516